AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| _This document relates to_ | CASE NO. 3:07-cv-5591-CRB |
| MORRIS ADAMS, et al., | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, MONSANTO COMPANY, and G.D. SEARLE, LLC,, | |
| Defendants. | |

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle"), (collectively "Defendants") and file their Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs and Decedent were prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs and Decedent were prescribed and used Celebrex®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.     Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 7, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    in accordance with its FDA-approved prescribing information.  Defendants state that the

2    potential effects of Celebrex® were and are adequately described in its FDA-approved

3    prescribing information, which was at all times adequate and comported with applicable

4    standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

5    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

6    the Complaint.

7    2.      Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

9    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

10   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

11   and deny the remaining allegations in this paragraph of the Complaint.

12   3.      Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

14   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

15   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

16   and deny the remaining allegations in this paragraph of the Complaint.

17   4.      Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

19   age, citizenship, marital status, Decedent's medical condition, whether Plaintiff is the Personal

20   Representative of Decedent's Estate, and whether Decedent used Celebrex®, and, therefore,

21   deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

22   or Decedent injury or damage, and deny the remaining allegations in this paragraph of the

23   Complaint.

24   5.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

25   business in New York.  Defendants admit that, as the result of a merger in April 2003,

26   Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

27   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

28   are without knowledge or information sufficient to form a belief as to the truth of such

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

2    time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

3    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

4    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6    6.    Defendants admit that Searle is a Delaware limited liability company with its principal

7    place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

8    as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

9    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

10   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

11   Celebrex® in the United States to be prescribed by healthcare providers who are by law

12   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

13   the remaining allegations in this paragraph of the Complaint.

14   7.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

15   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

16   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

17   to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

18   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

19   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

20   in the agricultural business and does not and has not ever manufactured, marketed, sold, or

21   distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

22   Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

23   sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

24   proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

25   Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

26   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

27   of the Complaint referring to Monsanto and/or Defendants.

28   8.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

9.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same. However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11.    Defendants are without knowledge or information to form a belief as to the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny committing a tort in the States of California, Washington, North Carolina, and Arkansas, and deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

2  that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Louisiana

3  and California.  Defendants state that the allegations in this paragraph of the Complaint

4  regarding "predecessors in interest" are vague and ambiguous.  Defendants are without

5  knowledge or information sufficient to form a belief as to the truth of such allegations, and,

6  therefore, deny the same.  Defendants deny committing a tort in the States of California,

7  Washington, North Carolina, and Arkansas, and deny the remaining allegations in this

8  paragraph of the Complaint.

9  **Response to Allegations Regarding Interdistrict Assignment**

10  13.    Defendants state that this paragraph of the Complaint contains legal contentions to

11  which no response is required.  To the extent that a response is deemed required, Defendants

12  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

13  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

14  Panel on Multidistrict Litigation on September 6, 2005.

15  **Response to Factual Allegations**

16  14.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

18  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

19  and is safe and effective when used in accordance with its FDA-approved prescribing

20  information.  Defendants state that the potential effects of Celebrex® were and are adequately

21  described in its FDA-approved prescribing information, which was at all times adequate and

22  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

23  deny that Celebrex® caused Plaintiffs or Decedent injury or damage and deny the remaining

24  allegations in this paragraph of the Complaint.

25  15.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

27  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

28  case, Celebrex® was expected to reach users and consumers without substantial change from

the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2   21.     Defendants state that the allegations in this paragraph of the Complaint are not directed

3   towards Defendants and, therefore, no response is required.  To the extent that a response is

4   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

5   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

6   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

7   22.     Defendants state that the allegations in this paragraph of the Complaint regarding "other

8   pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

9   required.  To the extent a response is deemed required, Defendants state that, as stated in the

10  FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

11  be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

12  (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

13  cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

14  remaining allegations in this paragraph and Defendants therefore lack sufficient information or

15  knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

16  allegations in this paragraph of the Complaint.

17  23.     Defendants state that the allegations in this paragraph of the Complaint regarding

18  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

19  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

20  the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

21  mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

22  primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

23  humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

24  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

25  approved prescribing information.  Defendants state that the potential effects of Celebrex®

26  were and are adequately described in its FDA-approved prescribing information, which was at

27  all times adequate and comported with applicable standards of care and law.  Defendants deny

28  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants admit that Celebrex® was launched in February 1999.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

29.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  32.    Defendants state that the referenced study speaks for itself and respectfully refer the

2  Court to the study for its actual language and text.  Any attempt to characterize the study is

3  denied.  Defendants state that the referenced article speaks for itself and respectfully refer the

4  Court to the article for its actual language and text.  Any attempt to characterize the article is

5  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

6  paragraph of the Complaint.

7  33.    Defendants state that the referenced Medical Officer Review speaks for itself and

8  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

9  attempt to characterize the Medical Officer Review is denied.  Defendants state that the

10  referenced article speaks for itself and respectfully refer the Court to the article for its actual

11  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

12  remaining allegations in this paragraph of the Complaint.

13  34.    Defendants state that the referenced article speaks for itself and respectfully refer the

14  Court to the article for its actual language and text.  Any attempt to characterize the article is

15  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16  paragraph of the Complaint.

17  35.    Defendants state that the referenced articles speak for themselves and respectfully refer

18  the Court to the articles for their actual language and text.  Any attempt to characterize the

19  articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

20  refer the Court to the study for its actual language and text.  Any attempt to characterize the

21  study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  36.    Defendants state that the referenced Medical Officer Review speaks for itself and

23  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

24  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

25  allegations in this paragraph of the Complaint.

26  37.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

27  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

28  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Court to the article for its actual language and text.  Any attempt to characterize the article is

2    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    44.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

4    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

5    therefore lack sufficient information or knowledge to form a belief as to the truth of such

6    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

7    themselves and respectfully refer the Court to the studies for their actual language and text.

8    Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

9    this paragraph of the Complaint.

10    45.    Defendants state that the referenced Medical Officer Review speaks for itself and

11    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

12    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

13    allegations in this paragraph of the Complaint.

14    46.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx®

15    in this paragraph of the Complaint are not directed toward Defendants, and therefore no

16    response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide

17    the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in

18    this paragraph of the Complaint.  Defendants therefore lack sufficient information or

19    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

21    the study for its actual language and text.  Any attempt to characterize the study is denied.

22    Defendants deny the remaining allegations in this paragraph of the Complaint.

23    47.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

24    and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

25    therefore no response is required.  To the extent that a response is deemed required, Plaintiffs

26    fail to provide the proper context for the allegations in this paragraph of the Complaint

27    regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

28    sufficient information or knowledge to form a belief as to the truth of such allegations and,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48. Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

50. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51. Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52. Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

53.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

54.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

55.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

56.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

2  that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

3  referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

4  language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

5  transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

6  respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

7  characterize the transcripts is denied.  Defendants state that the referenced study speaks for

8  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

9  to characterize the article is denied.  Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  59.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

16  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

17  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

19  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

20  United States to be prescribed by healthcare providers who are by law authorized to prescribe

21  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

22  allegations in this paragraph of the Complaint.

23  60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

28  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

1   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

2   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

3   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

4   United States to be prescribed by healthcare providers who are by law authorized to prescribe

5   drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a

6   prescription medication which is approved by the FDA for the following indications: (1) for

7   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

8   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

9   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

10  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

11  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

12  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

13  and older. Defendants deny any wrongful conduct and deny the remaining allegations in this

14  paragraph of the Complaint.

15  61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information. Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which at all times was adequate and comported with applicable standards of care and law.

19  Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

20  "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

21  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

22  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

23  allegations in this paragraph of the Complaint.

24  62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information. Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

2    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

4    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

5    United States to be prescribed by healthcare providers who are by law authorized to prescribe

6    drugs in accordance with their approval by the FDA.  Defendants deny the remaining

7    allegations in this paragraph of the Complaint.

8    63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which at all times was adequate and comported with applicable standards of care and law.

12   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

13   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

14   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

15   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

16   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

17   United States to be prescribed by healthcare providers who are by law authorized to prescribe

18   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

19   allegations in this paragraph of the Complaint.

20   64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  66.    Defendants deny the allegations in this paragraph of the Complaint.

5  67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  69.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

19  Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful

20  conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the

21  remaining allegations in this paragraph of the Complaint.

22  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

27  remaining allegations in this paragraph of the Complaint.

28  71.    Defendants state that Celebrex® was and is safe and effective when used in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Celebrex® are and were adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5   the Complaint.

6   72.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® are and were adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

11  the study for its actual language and text.  Any attempt to characterize the study is denied.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  73.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

16  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

17  and is safe and effective when used in accordance with its FDA-approved prescribing

18  information.  Defendants state that the potential effects of Celebrex® are and were adequately

19  described in its FDA-approved prescribing information, which was at all times adequate and

20  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

21  and deny the remaining allegations in this paragraph of the Complaint.

22              **Response to First Cause of Action: Negligence**

23  74.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24  Complaint as if fully set forth herein.

25  75.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  admit that they had duties as are imposed by law but deny having breached such duties.

28  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and

1    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

2    and deny the remaining allegations in this paragraph of the Complaint.

3    79.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    80.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

11   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

12   and is safe and effective when used in accordance with its FDA-approved prescribing

13   information.  Defendants state that the potential effects of Celebrex® were and are adequately

14   described in its FDA-approved prescribing information, which was at all times adequate and

15   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

16   deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining

17   allegations in this paragraph of the Complaint.

18   81.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

20   Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful

21   conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the

22   remaining allegations in this paragraph of the Complaint.

23   82.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

24   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

25   Complaint.

26   83.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

27   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

28   Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Second Cause of Action: Strict Liability**

84.  Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

85.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

86.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

88.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4    remaining allegations in this paragraph of the Complaint, including all subparts.

5    89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations

10   in this paragraph of the Complaint.

11   90.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

13   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

14   and is safe and effective when used in accordance with its FDA-approved prescribing

15   information.  Defendants state that the potential effects of Celebrex® were and are adequately

16   described in its FDA-approved prescribing information, which was at all times adequate and

17   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

18   deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   91.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

25   remaining allegations in this paragraph of the Complaint.

26   92.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

28   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

2    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

3    and is safe and effective when used in accordance with its FDA-approved prescribing

4    information.  Defendants state that the potential effects of Celebrex® were and are adequately

5    described in its FDA-approved prescribing information, which was at all times adequate and

6    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

7    and deny the remaining allegations in this paragraph of the Complaint.

8    97.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

9    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

10   Complaint.

11   98.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

12   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

13   Complaint.

14   99.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

15   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

16   Complaint.

17   **<u>Response to Third Cause of Action: Breach of Express Warranty</u>**

18   100.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

19   Complaint as if fully set forth herein.

20   101.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

22   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

23   and is safe and effective when used in accordance with its FDA-approved prescribing

24   information.  Defendants state that the potential effects of Celebrex® were and are adequately

25   described in its FDA-approved prescribing information, which was at all times adequate and

26   comported with applicable standards of care and law.  Defendants admit that they provided

27   FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

28   allegations in this paragraph of the Complaint.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

103.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that the potential

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.    Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Fourth Cause of Action: Breach of Implied Warranty

110.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

111.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants admit that they provided FDA-approved prescribing information regarding

3    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4    113.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny the remaining allegations in this paragraph of the Complaint.

9    114.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

11   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

12   and is safe and effective when used in accordance with its FDA-approved prescribing

13   information.  Defendants state that the potential effects of Celebrex® were and are adequately

14   described in its FDA-approved prescribing information, which was at all times adequate and

15   comported with applicable standards of care and law.  Defendants admit that they provided

16   FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

17   allegations in this paragraph of the Complaint.

18   115.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

20   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

21   case, Celebrex® was expected to reach users and consumers without substantial change from

22   the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   116.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

25   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

26   and is safe and effective when used in accordance with its FDA-approved prescribing

27   information.  Defendants state that the potential effects of Celebrex® were and are adequately

28   described in its FDA-approved prescribing information, which was at all times adequate and

comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

120.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

121.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint, including all subparts.

3       123.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9       124.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

11  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

12  and is safe and effective when used in accordance with its FDA-approved prescribing

13  information.  Defendants state that the potential effects of Celebrex® were and are adequately

14  described in its FDA-approved prescribing information, which was at all times adequate and

15  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

16  deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining

17  allegations in this paragraph of the Complaint.

18      125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24      126.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

26  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

27  and is safe and effective when used in accordance with its FDA-approved prescribing

28  information.  Defendants state that the potential effects of Celebrex® were and are adequately

1    described in its FDA-approved prescribing information, which was at all times adequate and

2    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

3    and deny the remaining allegations in this paragraph of the Complaint.

4    127.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

6    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

7    and is safe and effective when used in accordance with its FDA-approved prescribing

8    information.  Defendants state that the potential effects of Celebrex® were and are adequately

9    described in its FDA-approved prescribing information, which was at all times adequate and

10   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

11   and deny the remaining allegations in this paragraph of the Complaint.

12   128.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

14   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

15   and is safe and effective when used in accordance with its FDA-approved prescribing

16   information.  Defendants state that the potential effects of Celebrex® were and are adequately

17   described in its FDA-approved prescribing information, which was at all times adequate and

18   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

19   and deny the remaining allegations in this paragraph of the Complaint.

20   129.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

22   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

23   and is safe and effective when used in accordance with its FDA-approved prescribing

24   information.  Defendants state that the potential effects of Celebrex® were and are adequately

25   described in its FDA-approved prescribing information, which was at all times adequate and

26   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

27   and deny the remaining allegations in this paragraph of the Complaint.

28   130.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

135. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

136. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

2 are by law authorized to prescribe drugs in accordance with their approval by the FDA.

3 Defendants admit that, during certain periods of time, Celebrex® was manufactured and

4 packaged for Searle, which developed, tested, marketed, co-promoted and distributed

5 Celebrex® in the United States to be prescribed by healthcare providers who are by law

6 authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny

7 the remaining allegations in this paragraph of the Complaint.

8 137.    Defendants are without knowledge or information sufficient to form a belief as to the

9 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

10 Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining

11 allegations in this paragraph of the Complaint.

12 138.    Defendants are without knowledge or information sufficient to form a belief as to the

13 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

14 Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining

15 allegations in this paragraph of the Complaint.

16 139.    Defendants are without knowledge or information sufficient to form a belief as to the

17 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

18 Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was

19 and is safe and effective when used in accordance with its FDA-approved prescribing

20 information. Defendants state that the potential effects of Celebrex® were and are adequately

21 described in its FDA-approved prescribing information, which was at all times adequate and

22 comported with applicable standards of care and law. Defendants deny any wrongful conduct

23 and deny the remaining allegations in this paragraph of the Complaint.

24 140.    Defendants are without knowledge or information sufficient to form a belief as to the

25 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

26 Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was

27 and is safe and effective when used in accordance with its FDA-approved prescribing

28 information. Defendants state that the potential effects of Celebrex® were and are adequately

1    described in its FDA-approved prescribing information, which was at all times adequate and

2    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

3    and deny the remaining allegations in this paragraph of the Complaint.

4    141.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

5    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6    Complaint.

7    **Response to Seventh Cause of Action: Wrongful Death**

8    142.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

9    Complaint as if fully set forth herein.

10    143.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Celebrex® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex®

15    caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this

16    paragraph of the Complaint.

17    144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

18    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

19    Complaint.

20    145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

21    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

22    Complaint.

23    146.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

24    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

25    Complaint.

26    **Response to Eighth Cause of Action: Loss of Consortium**

27    147.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

28    Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

148.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff and Decedent's marital status, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### **Response to Prayer for Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### **III.**

### **GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### **IV.**

### **AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to

claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs and Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedent.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' and Decedent's treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, Washington, North Carolina, and Arkansas, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of California, Washington, North Carolina, and Arkansas.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    *Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America,*

2    *Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S.

3    408 (2003).

### Thirty-ninth Defense

5    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

6    and marketing of Celebrex®, if any, used in this case, included adequate warnings and

7    instructions with respect to the product's use in the package insert and other literature, and

8    conformed to the generally recognized, reasonably available, and reliable state of the

9    knowledge at the time the product was marketed.

### Fortieth Defense

11    40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

12    tested, manufactured and labeled in accordance with the state-of-the-art industry standards

13    existing at the time of the sale.

### Forty-first Defense

15    41.    If Plaintiffs and Decedent have sustained injuries or losses as alleged in the Complaint,

16    upon information and belief, such injuries and losses were caused by the actions of persons not

17    having real or apparent authority to take said actions on behalf of Defendants and over whom

18    Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

20    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

21    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

22    intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

24    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

25    waiver, and/or estoppel.

### Forty-fourth Defense

27    44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the

28    result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs and Decedent.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs and Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedent.

### Fifty-second Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

2    1431.2.

3                                    **Fifty-seventh Defense**

4    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

5    Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

6    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

7    damages is also barred under California Civil Code § 3294(b).

8                                    **Fifty-eighth Defense**

9    58.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

10   required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

11                                   **Fifty-ninth Defense**

12   59.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

13   timely notice, lack of privity, and because the alleged warranties were excluded and/or

14   disclaimed.

15                                    **Sixtieth Defense**

16   60.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products

17   Liability Act, Ark. Code Ann. § 16-116-101, et seq.

18                                   **Sixty-first Defense**

19   61.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas

20   Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

21                                  **Sixty-second Defense**

22   62.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72

23   et seq., and specifically avers that Plaintiffs' common law claims are preempted by the statute

24   and must be dismissed.

25                                   **Sixty-third Defense**

26   63.    Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C.

27   Gen. Stat. § 99B-4(1) in that the use of the product may have been contrary to express and

28   adequate instructions or warnings provided to Plaintiffs and Decedent by Plaintiffs' and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-46-

Decedent's physicians.

## Sixty-fourth Defense

64.    Upon information and belief, Plaintiffs and Decedent continued to use Celebrex® after learning of their alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina common law and N.C. Gen. Stat. § 99B-4(2).

## Sixty-fifth Defense

65.    If it is discovered that Plaintiffs or Decedent failed to exercise reasonable are under the circumstances in the use of Celebrex®, and Plaintiffs' or Decedent's failure was a proximate cause of Plaintiffs' and Decedent's alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to Plaintiffs' right to recover against Defendants.

## Sixty-sixth Defense

66.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits Defendants' responsibility to provide product warnings directly to consumers of prescription drugs.

## Sixty-seventh Defense

67.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen. Stat. § 99B-6, and all of its subparts.

## Sixty-eighth Defense

68.    To the extent not separately stated, Defendants plead as an affirmative defense all the applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

## Sixty-ninth Defense

69.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

## V.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

3.      That Defendants be awarded their costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

December 12, 2007                              GORDON & REES LLP


                                               By: :_____/s/_____

                                               Stuart M. Gordon
                                               sgordon@gordonrees.com
                                               Embarcadero Center West
                                               275 Battery Street, 20th Floor
                                               San Francisco, CA 94111
                                               Telephone: (415) 986-5900
                                               Fax: (415) 986-8054


December 12, 2007                              TUCKER ELLIS & WEST LLP


                                               By: :_____/s/_____

                                               Michael C. Zellers
                                               michael.zellers@tuckerellis.com
                                               515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071
                                               Telephone: (213) 430-3400
                                               Fax: (213) 430-3409

                                               Attorneys for Defendants
                                               PFIZER INC., PHARMACIA
                                               CORPORATION, and G.D. SEARLE
                                               LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-5591-CRB

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  December 12, 2007                          GORDON & REES LLP

6

7                                            By: :_____/s/_____

8                                            Stuart M. Gordon
                                             sgordon@gordonrees.com
9                                            Embarcadero Center West
                                             275 Battery Street, 20th Floor
10                                           San Francisco, CA  94111
                                             Telephone:  (415) 986-5900
11                                           Fax:  (415) 986-8054

12

13  December 12, 2007                         TUCKER ELLIS & WEST LLP

14

15                                           By: :_____/s/_____

16                                           Michael C. Zellers
                                             michael.zellers@tuckerellis.com
17                                           515 South Flower Street, Suite 4200
                                             Los Angeles, CA 90071
                                             Telephone:  (213) 430-3400
18                                           Fax:  (213) 430-3409

19                                           Attorneys for Defendants
                                             PFIZER INC., PHARMACIA
20                                           CORPORATION, and G.D. SEARLE
                                             LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-49-